```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-62066-CIV-COHN
                              MAGISTRATE JUDGE P.A. WHITE
```

PAULIUS TELAMY,                   :

    Plaintiff,                 :

v.                                :         REPORT OF
                                                MAGISTRATE JUDGE
AMOR CORRECTIONAL HEALTH
SERVICE, et al.,                  :

    Defendants.                :
_____

## I. Introduction

    Paulius Telamy filed a pro se civil rights complaint while confined in the Okeechobee Correctional Institution alleging denial of adequate dental treatment at the Broward County Jail. (DE#1) The plaintiff is proceeding in forma pauperis.

    This Cause is presently before the Court for initial screening of the complaint (DE#1), pursuant to 28 U.S.C. §1915.

## II. Analysis

    As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

        Sec. 1915 Proceedings in Forma Pauperis

                    * * *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim, upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

    A.   Statement of Claims

The plaintiff names as defendants Armor Correctional Health Service, Nurses Veronica Edwards and Ora Watson, and D.D.S. Mark Martindale, all employed at the Broward County Jail.

On March 2, 2010, the plaintiff submitted a sick call request because of pain in his upper jaw area. He was seen by Dr. Martindale who determined that he required oral surgery to remove the tooth. He was prescribed medication for seven days by Dr. Martindale prior to surgery, which took place on March 18, 2010. He claims that following the surgery, both Nurse Edward and Nurse Watson refused him medication prescribed by Dr. Martindale for pain and to prevent infection. He remained in pain and on March 31, 2010, his fiancé called an attorney who called the medical and dental department. He was seen by Dr. Martindale, and it was determined his gum area where the tooth was extracted was infected. A second surgery was performed as a result of the lack of treatment and failure to provide prescribed medication, resulting in pain and nerve damage to the left side of his face. He states that Martindale failed to respond to his medical needs causing him to suffer pain. He claims that these defendants work for Armor Health Care, who contract with the County to provide medical and dental treatment. He seeks monetary damages.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

B. <u>Denial of Adequate Dental Treatment</u>

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11 Cir. 2000); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992).

Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. <u>Bell</u>, 441 U.S. at 535; <u>Hamm</u>, 774 F.2d at 1571-74. In the context of a pretrial detainee claim of denial of medical care, the standards are the same. <u>Id.</u>

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Req'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Further to rise to a level of an Eighth Amendment violation the plaintiff must demonstrate inhumane conditions of confinement. Farmer v Brennan, 511 U.S,. 825 (1994), These conditions must show a deprivation of a normal civilized measure of life's necessities, see Toney v Fuqua, 09 WL 1451645 (11 Cir. 2009) (denial of tooth paste and tooth brush for a period of time did not rise to an Eighth Amendment violation).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons. Farrow v West, 320 F.3d 1235, 1247 (11th Cir.2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in

6

treatment).  The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.  <u>Harris v. Coweta County</u>, 21 F.3d 388, 393-94 (11 Cir. 1994).  A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all."  <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11 Cir. 1985).   If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment.  <u>Estelle</u>, 429 U.S. at 104.

The plaintiff has demonstrated that he suffered as a result of inadequate dental treatment. Both Nurse Edwards and Watson allegedly denied him medication which should have prevented the serious pain and infection requiring a second surgery.

The plaintiff has therefore stated a claim for denial of adequate medical attention, and service will be ordered upon Nurses Edwards and Watson.

The plaintiff's allegations against Dr. Martindale do not rise to a level of Eighth Amendment violation. The doctor treated him for his pain by performing two oral surgeries and apparently prescribed medication, which may not have been administered. His claim that Martindale could have prevented the situation by responding to his dental needs in a timely fashion is simply too conclusory to state a claim. <u>Twombly</u>, <u>supra</u>. The plaintiff should be permitted to amend his complaint only to provide facts which would support an Eighth Amendment violation against this defendant. It is therefore recommended that he be dismissed without prejudice.

7

Armor Correctional Health Service is not a proper defendant in this case. The Eleventh Circuit requires that a plaintiff must show policy or custom in suits against private corporations performing traditional public functions. See Buckner v. Toro, 116 F.3d 450 (11 Cir.) (extending the application of Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978) to private corporations such as prison medical service companies performing traditional public functions), cert. denied, 522 U.S. 1018 (1997).  In this case, the plaintiff has failed to support any claim for relief that Armor as an entity acted in accordance with a custom or policy with regard to the possible violation of any of his constitutional rights. Without such, the plaintiff's claim is insufficient to sustain a §1983 claim.

Accordingly, the Complaint against Armor is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

### III. Recommendation

It is therefore recommended as follows:

1. The case shall proceed against Nurses Edwards and Watson.

2. Dr Martindale and Armor Correctional Health Services should be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), for failure to state a claim.

3. The plaintiff may be permitted to file an amended complaint solely to support a claim against Dr. Martindale for inadequate dental treatment.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 9th day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Paulius Telamy, <u>Pro Se</u>
      Okeechobee Correctional Institution
      Address of record