```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 11-62066-CIV-COHN
                          MAGISTRATE JUDGE P.A. WHITE
```

PAULIUS TELAMY,                :

    Plaintiff,             :

v.                             :     SUPPLEMENTAL REPORT OF
                                           MAGISTRATE JUDGE
AMOR CORRECTIONAL HEALTH
SERVICE, et al.,               :

    Defendants.            :
_____

## I. Introduction

Paulius Telamy filed a *pro se* civil rights complaint while confined in the Okeechobee Correctional Institution alleging denial of adequate dental treatment at the Broward County Jail. (DE#1) The plaintiff is proceeding *in forma pauperis*.

A Preliminary Report was entered recommending that the claims proceed against Nurses Watson and Edwards, and that the plaintiff be permitted to file an amended complaint solely to support a claim against Dr. Mark Martindale for denial of adequate dental treatment.

This Cause is presently before the Court for screening of the amended complaint (DE#26), pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

* * *

(B) the action or appeal –

* * *

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

    A.  <u>Statement of Claims</u>

In the initial complaint, the plaintiff named as defendants Armor Correctional Health Service, Nurses Veronica Edwards and Ora Watson, and D.D.S. Mark Martindale, all employed at the Broward County Jail.

The facts, related in the initial Preliminary Report reveal that on March 2, 2010, the plaintiff submitted a sick call request because of pain in his upper jaw area. He was seen by Dr. Martindale who determined that he required oral surgery to remove the tooth. He was prescribed medication for seven days by Dr. Martindale prior to surgery, which took place on March 18, 2010. He claims that following the surgery, both Nurse Edward and Nurse Watson refused him medication prescribed by Dr. Martindale for pain and to prevent infection. He remained in pain and on March 31, 2010, his fiancé called an attorney who called the medical and dental department. He was seen by Dr. Martindale, and it was determined his gum area where the tooth was extracted was infected. A second surgery was performed as a result of the lack of treatment

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

and failure to provide prescribed medication, resulting in pain and nerve damage to the left side of his face. He states that Martindale failed to respond to his medical needs causing him to suffer pain. He claims that these defendants work for Armor Health Care, who contract with the County to provide medical and dental treatment. He seeks monetary damages.

B. Denial of Adequate Dental Treatment

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

5

Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell, 441 U.S. at 535; Hamm, 774 F.2d at 1571-74. In the context of a pretrial detainee claim of denial of medical care, the standards are the same. Id.

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Further to rise to a level of an Eighth Amendment violation the plaintiff must demonstrate inhumane conditions of confinement. Farmer v Brennan, 511 U.S,. 825 (1994), These conditions must show a deprivation of a normal civilized measure of life's necessities, see Toney v Fuqua, 09 WL 1451645 (11 Cir. 2009) (denial of tooth

paste and tooth brush for a period of time did not rise to an Eighth Amendment violation).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons. Farrow v West, 320 F.3d 1235, 1247 (11th Cir.2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985). If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment. Estelle, 429 U.S. at 104.

The Report concluded that the plaintiff has demonstrated that he suffered as a result of inadequate dental treatment. Both Nurse Edwards and Watson allegedly denied him medication which should have prevented the serious pain and infection requiring a second surgery. Service was ordered upon these defendants.

However, the plaintiff's allegations against Dr. Martindale did not rise to a level of Eighth Amendment violation. The doctor treated him for his pain by performing two oral surgeries and apparently prescribed medication, which may not have been administered. His claim that Martindale could have prevented the situation by responding to his dental needs in a timely fashion was too conclusory to state a claim. Twombly, supra. It was therefore

7

recommended that Martindale be dismissed without prejudice, and the plaintiff be permitted to amend his complaint to add facts to support an Eighth Amendment claim.  The Report was adopted on January 13, 2012.

### C. The Amended Complaint

In the amended complaint the plaintiff states he went without medication for pain for his dental abscess for thirteen days . His need for urgent dental attention was not responded to by Martindale until March 18, 2010, approximately 16 days later, during which time he experienced pain and eventual extraction of the tooth. He contends he sought prescribed medication on March 19, 2010, to no avail. He states that throughout the month of March of 2010, although he was prescribed some medication, he continually complained of pain. When Dr. Martindale re-examined and x-rayed and re-diagnosed plaintiff's extracted side, he stated there was a problem with clotting, which the plaintiff claims was a result of no follow up from the staff. Dr. Martindale prescribed more medication.

The plaintiff has added sufficient facts to minimally state a claim of denial of dental treatment by Dr. Martindale. It appears that Martindale did provide him with some care, and it is difficult to determine at this early stage if he allowed the plaintiff to suffer pain for an unnecessary period of time resulting in a further infection.

### III. Recommendation

It is therefore recommended as follows:

1. The operative complaints in this case are the initial complaint and the amended complaint (DE#26).

2. The case will be permitted to proceed against Dr Martindale for lack of adequate dental treatment.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 16th day of April, 2012.

UNITED STATES MAGISTRATE JUDGE

cc: Paulius Telamy, Pro Se
    Okeechobee Correctional Institution
    Address of record