UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62066-CIV-COHN/WHITE

PAULIUS TELAMY,

    Plaintiff,

v.

VERONICA EDWARDS,

    Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Paulius Telamy's Motion for Court Issues the Necessary Writ or Subpoena [DE 117]. The Court has considered the motion, the record in this case, and is otherwise duly advised in the premises.

### I. BACKGROUND

On March 13, 2013, Plaintiff filed a Motion for Court to Direct the Marshal to Serve Any and All Plaintiff Subpoenas [DE 113] ("March 13 Motion"). On March 21, 2013, the Court denied the motion on the ground that Plaintiff had failed to demonstrate that he would be able to pay for witness fees. See DE 116. The Court explained as follows:

> Plaintiff has been granted permission to proceed *in forma pauperis* in this litigation, and therefore was not required to prepay his filing fee or service of process fee. However, Plaintiff's status as an *in forma pauperis* litigant does not absolve him of the responsibility to prepay fees to which the witness is entitled under Federal Rule of Civil Procedure 45(b)(1) and pursuant to statute. See 28 U.S.C. § 1821(b), (c)(2); 5 U.S.C. § 5704(a)(2); see also Lofton v. Smith, No. 604-CV-048, 2007 U.S. Dist. LEXIS 66956, at *4-5 (S.D. Ga. Sep. 10, 2007) (finding that "district courts do not have statutory authority to waive witness fees for indigent civil litigants.") (internal citations omitted); Minton v. Jenkins, No.

5:10cv61/RH/EMT, 2011 U.S. Dist. LEXIS 59917, at *4 n.2 (N.D. Fla. May 27, 2011) (summarizing federal circuit court cases holding that federal courts are not authorized to waive or pay witness fees for indigent litigants).

DE 116 at 1-2.  In the instant motion, Plaintiff argues that the March 21 Order was wrongly decided.  Specifically, Plaintiff argues that the Court failed to consider certain case law in which courts have allowed parties to subpoena witnesses without paying witness fees.  Because Plaintiff asks the Court to reconsider its previous Order, the Court will treat this motion as a motion for reconsideration.

## II. ANALYSIS

A motion for reconsideration under Fed. R. Civ. P. 59(e) is made for the purposes of correcting manifest errors of law or fact or presenting newly discovered evidence.  Burger King Corp. v. Ashland Equities, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  Reconsideration of an order is "an extraordinary remedy to be employed sparingly."  Gathagan v. Rag Shop / Hollywood, Inc., No. 04-805200-CIV, 2005 WL 6504749, at *1 (S.D. Fla. May 9, 2005) (quoting Sussman v. Salem, Saxon, & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

The three grounds that would justify reconsideration are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Burger King, 181 F. Supp. 2d, at 1369.  However, a motion for reconsideration cannot be used "to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also In re Mathis, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (Rule 59(e)

motion not meant to permit the "arguing of issues and procedures that should have been raised prior to judgment.").

Here, Plaintiff argues for reconsideration on the basis that the March 21 Order was clearly erroneous because it found that the Court was not authorized to direct service of the subpoenas without payment of witness fees. Plaintiff relies on three non-binding cases in support of his motion. First, he cites to Guy v. Maio, 227 F.R.D. 498, 501 (E.D. Wis. 2005), which held that the district court was authorized under 28 U.S.C. § 1915(d) to pay witness fees on behalf of litigants proceeding *in forma pauperis*. However, as the Court found in its March 21 Order, the weight of authority on this issue — and particularly among the district courts in the Eleventh Circuit — makes clear that the Court lacks authority under § 1915 to waive or prepay witness fees for indigent civil litigants. See DE 116 at 2. And without payment of witness fees, serving the subpoenas would be futile. See Smith Bey v. Gibson, No. 04-cv-01050-MSK-PAC, 2007 U.S. Dist. LEXIS 21447, at *5-6 (D. Colo. Mar. 8, 2007); see also Wright & Miller, Federal Practice and Procedure (Civil 2d) § 2454 ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.").

Second, Plaintiff cites to United States Marshals Service v. Means, 741 F.2d 1053 (8th Cir. 1984), for the proposition that, in extraordinary circumstances, a court may rely on Federal Rule of Evidence 614(a) and 706(b) to compel the payment of witness expenses by a solvent party to the action. In Means, the United States brought suit to eject a Native American community from certain public lands. After the United States presented its case at trial, the Marshals Service refused to serve subpoenas on the defendants' witnesses or to pay the defendants' witness fees. 741 F.2d at 1055.

3

The Eighth Circuit found that the district court had discretion under Rules 614(a) and 706(b) to compel the United States to pay for the costs of bringing the defendants' witnesses. Id. at 1057-59. However, in making this determination, the court limited its holding as follows:

> [W]e strongly emphasize that this discretionary power is to be exercised only under compelling circumstances. The "bald facts" of the present case . . . illustrate such compelling circumstances. Here the United States brought suit against members of the Yellow Thunder Camp. The Yellow Thunder Camp members are indigent, and the government paid for the fees and expenses of their pretrial witnesses on four occasions. Yet, after fully presenting its case, the government midtrial refused to pay for the Yellow Thunder Camp's trial witnesses, and in so doing sought victory by default.

Id. at 1059. The Court first observes that Means is not binding precedent in this action. Furthermore, the facts of this case are substantially different from those in Means. In Means, the court took issue with the fact that the plaintiff cultivated the defendants' reliance on the plaintiff to pay their witness fees, and then pulled the rug out from under them at trial. Id. at 1059. In the instant action, however, Defendant has not given Plaintiff reason to rely on Defendant to pay his expenses. Moreover, the Court finds no other compelling circumstances that would justify forcing Defendant to pay Plaintiff's witness fees.

Lastly, Plaintiff cites to McGill v. Duckworth, 944 F. 2d 344, 353 (7th Cir. 1991). Plaintiff points out that the court in McGill reprimanded the prisoner-plaintiff for failing to subpoena the defendants. However, witness fees were not at issue in McGill, and thus that case is irrelevant to the motion at hand. Accordingly, the Court finds that Plaintiff has failed to show a change in controlling law, new evidence, or that the March 21 Order was clearly erroneous. Thus, the motion will be denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Paulius Telamy's Motion for Court Issues the Necessary Writ or Subpoena [DE 117] is **DENIED**.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida this 15th day of April, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.